Gary Lee **ETHRIDGE**, Petitioner-Appellant,

v.

**UNITED STATES of America**,
Respondent-Appellee.

No. 73–1678.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 28, 1973.

Decided March 21, 1974.

McCree, Circuit Judge, filed concurring opinion.

Glenn Zell, Atlanta, Ga., for petitioner; Gary Lee Ethridge, pro se, on brief.

Martha Johnson, Asst. U. S. Atty., for respondent; Charles H. Anderson, U. S. Atty., Nashville, Tenn., on brief.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

Petitioner, who was convicted on a variety of counts, including first degree murder, after a lengthy trial before the United States District Court for the Middle District of Tennessee, Nashville Division, and whose conviction we affirmed in 424 F.2d 951 (6th Cir. 1970), cert. denied, 400 U.S. 993, 91 S.Ct. 463, 27 L.Ed.2d 442 (1971), now appeals from denial by a Judge of that court of his motion to vacate sentence under 28 U.S.C. § 2255 (1970).

The complaint pertains to his contention that two counts upon which he was convicted were counts which should have been regarded as merged, since one concerned the robbery of the Bordeaux Bank and the other possession of money taken in that robbery. He relies upon Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961).

As a discretionary matter, we decline to consider this issue. *See* Barnes v. United States, 412 U.S. 837, 848 n.16, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). The Supreme Court has indicated, "The concurrent sentence rule [1] may have some continuing validity as a rule of judicial convenience." Benton v. Maryland, 395 U.S. 784, 791, 89 S.Ct. 2056, 2061, 23 L. Ed.2d 707 (1969). In Barnes v. United States, *supra*, it very recently squarely employed the concurrent sentence rule.

We can think of few circumstances where the rule can be more aptly applied than here. Appellant was convicted upon four counts with the sentences shown below:

Count 8—murder to avoid apprehension for bank robbery—50 years.

1. Its classical application is found in Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

Count 1—conspiracy to commit bank robbery and murder—5 years.

Count 2—bank robbery—20 years.

Count 3—possession of the proceeds of a bank robbery—10 years.

All of these sentences are concurrent. The 50-year sentence is not under attack. We can think of no set of circumstances where there could be meaningful collateral effects of the sentences he now attacks. *See* Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Benton v. Maryland, *supra*.

The judgment of the District Court is affirmed.

McCREE, Circuit Judge (concurring).

I concur because appellant makes no claim that adverse collateral effects may result from the sentences that he challenges here. I do not agree, however, that there exist no circumstances under which possible adverse consequences might be demonstrated.