**Arnold Wayne GENTRY**

v.

**UNITED STATES of America.**

**No. CIV–1–74–147.**

United States District Court,
E. D. Tennessee, S. D.

Nov. 11, 1974.

a conviction and sentence imposed in a criminal case entitled "United States of America v. Arnold Wayne Gentry et al.," No. 12,959. In that case the petitioner was sentenced to 20 years' imprisonment upon conviction of armed bank robbery, 18 U.S.C. § 2113(d), and to 10 years' imprisonment for possessing and concealing the proceeds of that robbery, 18 U.S.C. § 2113(c). The sentences were ordered to run concurrently as to counts and were also made subject to the provisions of 18 U.S.C. § 4208(a)(2).

The petitioner's single contention is that his conviction upon both the bank robbery and the possession and concealment counts must be set aside and a new trial granted under the rule laid down in Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961).

The Government having filed a response and having made a motion for a judgment upon the pleadings and the court-appointed counsel for the petitioner having now responded to that motion, the case is presently before the Court upon the record thus established.

The record in the criminal case here under attack (Criminal Docket No. 12,959) reflects that a two-count indictment was returned by the grand jury charging in the first count that the petitioner, along with one Dewey Wendell Clayton, committed an armed robbery of the Cleveland Bank & Trust Company, Cleveland, Tennessee, upon December 3, 1971, and charging in the second count that the petitioner, along with his wife and the co-defendant Clayton, knowingly possessed and concealed the proceeds of a bank robbery from December 3, 1971, until January 10, 1972.

Upon the trial of the case the evidence reflected most clearly that upon December 3, 1971, the petitioner and his co-defendant, Clayton, using a stolen automobile, armed with shotguns, and wearing ski masks, robbed at gun point a bank security officer of $194,200.00 as the officer was in the process of delivering cash to the bank. Upon January 10, 1972, search warrants led to the recov-

---

Chambliss, Bahner, Crutchfield, Gaston & Irvine, Chattanooga, Tenn. (Phillip A. Fleissner, Chattanooga, Tenn., Court-appointed), for petitioner.

John L. Bowers, Jr., U. S. Atty., Ray H. Ledford, Asst. U. S. Atty., Chattanooga, Tenn., for respondent.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is a proceeding upon a petition filed pursuant to 28 U.S.C. § 2255 wherein the petitioner seeks to set aside

ery of $88,100.00 of the proceeds of the robbery from the petitioner's home and the recovery of $84,000.00 of the proceeds of the robbery from the home of the co-defendant, Clayton, together with the weapons and other paraphernalia used in the robbery. The jury returned a verdict finding all defendants guilty as charged in each of the two counts of the indictment. The convictions were affirmed upon appeal (Appeals Docket Nos. 72–1833; 72–1834; and 72–1835). No issue was raised either upon the trial or upon the appeal regarding jury instructions or regarding the·submission of both counts for decision by the jury and no request for jury instructions in this regard was made.

As previously noted, the petitioner's contention that his conviction should be set aside and that he should be granted a new trial is based upon the case of Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961). The Court there, in construing a federal larceny statute (18 U.S.C. § 641), held that "in the absence of a contrary indication by Congress, a defendant charged with offenses under statutes of this character may not be convicted and punished for stealing and also for receiving the same goods." The Court went on, in a five to four decision, to hold that where, as a result of an erroneous jury instruction, such a double conviction occurred, both convictions must be set aside and a new trial granted. To the extent that Milanovich construed the stealing and receiving provisions of federal larceny statutes as defining mutually exclusive offenses, it relied upon the prior decision of Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L. Ed.2d 407 (1959), wherein the Court had placed a similar construction upon the robbery and receiving provisions of the Federal Bank Robbery Statute (18 U.S.C. § 2113), the Court there having concluded that "Congress was trying to reach a new group of wrongdoers, not to multiply the offense of the bank robbers themselves." 358 U.S. at 420, 79 S.Ct. at 454.

While Milanovich and Heflin are in accord in their construction of related provisions of similar legislation, it must be noted that they are significantly distinguishable as they relate to the issue presented in the present lawsuit. In Milanovich the Court went on to hold that a new trial would be required to correct the error there disclosed, whereas in Heflin the Court, after acknowledging the validity of the robbery conviction and sentence, merely set aside the consecutive sentence upon the receiving charge. It is upon this distinguishing feature between the two cases that the petitioner casts his full case. For, if Heflin is the controlling authority here, it is quite clear that the petitioner is entitled to no relief. Under Heflin, the petitioner's robbery conviction and sentence would be of unquestioned validity. The petitioner having received a concurrent sentence upon the possession charge, rather than a consecutive sentence, Heflin would accord him no relief. See Ethridge v. United States, 494 F.2d 351 (6th Cir. 1974). Furthermore, it should be pointed out that the second count in the·petitioner's indictment was for possession and concealing, and not for receiving, the specific offense involved in Heflin. In this respect the present case is distinguishable from both Heflin and Milanovich, a matter that the Court will consider more fully hereinafter.

Upon the other hand, if Milanovich is the controlling authority, relief in the form of a new trial would be the required relief. This Court is of the opinion, however, that Milanovich is not the controlling authority under the facts in the present case. On the contrary, the present case is distinguishable from Milanovich in a number of quite significant respects.

In the first place, Milanovich involved an erroneous jury instruction. In fact, the relief there granted was expressly predicated upon that ground, the Court stating in its majority opinion:

> "Thus we cannot say that the mere setting aside of the shorter concurrent sentence sufficed to cure any preju-

dice resulting from the trial judge's failure to instruct the jury properly." 365 U.S. at 555, 81 S.Ct. at 730.[1]

No erroneous jury instruction is involved in the present lawsuit and no issue in regard to any jury instructions was in any wise raised upon the trial.

In the second place, *Milanovich* involved a direct appeal from a criminal conviction, not a post-conviction attack as is here involved. In distinguishing the rule laid down in the *Heflin* case, the Court in *Milanovich* acknowledged the significance of this by stating,

"In *Heflin* we were not concerned with the correctness of jury instructions, since that case arose out of a collateral proceeding to correct an illegal sentence where the petitioner was asking only that the cumulative punishment imposed for receiving be set aside." 365 U.S. at 555, 81 S.Ct. at 730.

The petitioner may not resort to a petition under 28 U.S.C. § 2255 as a substitute for an appeal.

Finally, it is significant to note that the offenses involved in the *Milanovich* case were larceny and receiving, simultaneous offenses arising out of a single criminal transaction, whereas the offenses involved in the principal case were bank robbery and possessing and concealing the proceeds of a robbery, sequential offenses occurring at separate and distinct times and places. As was held in the case of United States v. Tyler, 466 F.2d 920 (9th Cir.), cert. denied, 409 U.S. 1045, 93 S.Ct. 544, 34 L.Ed.2d 497 (1972), the crime of possession is not the same offense as the crime of receiving, and accordingly does not require the same treatment as was accorded the crime of receiving in *Milanovich*. Although the various circuits are not in accord upon this issue, *see* United States v. Abercrombie, 480 F.2d 961 (5th Cir. 1973); United States v. Harris, 346 F.2d 182 (4th Cir. 1965); United States v. Roach, 321 F.2d 1 (3rd Cir. 1963), this Court is of the opinion that *Tyler* reaches the proper result in concluding that no error exists where a person is convicted of bank robbery and of the subsequent knowing possession and concealment of the robbery proceeds and concurrent sentences are imposed.

The petitioner having received concurrent sentences, the problem presented by his petition is at most one involving the concurrent sentence rule. *See* Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943). Having neither averred nor shown adverse consequences from his having received concurrent sentences, the petitioner is entitled to no relief. *See* Ethridge v. United States, 494 F.2d 351 (6th Cir. 1974).

An order will enter dismissing the petition.

1. In reaching the conclusion that a guilty verdict upon both the larceny and the receiving counts leaves the court to speculate as to which count the jury would have returned a verdict if required to elect, *Milanovich* appears to present somewhat of a logical *non sequitur*. While a jury might find an accused guilty of receiving without finding a larceny upon his part, the reverse of this proposition is not true. Thus while a verdict of guilty upon a receiving count would leave one to speculate as to what the jury might have done upon a larceny count had they not been required to elect, a verdict of guilty upon a larceny count leaves nothing to speculation, regardless of whether the jury was or was not required to elect.

The other element of possible speculation mentioned in the *Milanovich* case, namely the sentence that would have been imposed by the sentencing court, is absent in the present case, this Court having imposed a longer sentence upon the robbery count and having run the shorter sentence for possession concurrently.