Arnold Wayne GENTRY,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–1155.

United States Court of Appeals,
Sixth Circuit.

Submitted Dec. 5, 1975.

Decided April 16, 1976.

Phillip A. Fleissner, of Chambliss, Bahner, Crutchfield, Gaston & Irvine, Chattanooga, Tenn., court appointed, for petitioner-appellant.

John L. Bowers, U. S. Atty., Ray H. Ledford, Chattanooga, Tenn., for respondent-appellee.

Before CELEBREZZE, LIVELY and ENGEL, Circuit Judges.

ENGEL, Circuit Judge.

Arnold Wayne Gentry was convicted and sentenced in the district court to 20 years imprisonment for armed bank robbery, 18 U.S.C. § 2113(d),[1] and to ten years imprisonment for possession and concealment of the proceeds of that robbery, 18 U.S.C. § 2113(c).[2] The sentences were ordered to run concurrently as to both counts and were made subject to the provisions of 18 U.S.C. § 4208(a)(2). The judgments of conviction were affirmed on direct appeal to this court in an unpublished decision, but the appeal did not reach the issues now before us. Subsequently Gentry filed a petition pursuant to 28 U.S.C. § 2255 to set aside the judgments and sentences on the ground that conviction for both armed robbery and possession of the proceeds of that robbery could not stand under *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). Further, he argued that under *Milanovich v. United States,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), it was incumbent upon the court to set aside the judgments of conviction on both counts and to order a new trial. The district court denied the petition, *Gentry v. United States,* 386 F.Supp. 1126 (E.D.Tenn.1974) and this appeal followed.

■ At the time of its decision, the district court did not have available to it the Supreme Court's recent decision in *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), 44 U.S.L.W.

4293 (March 3, 1976). *Gaddis* was a direct appeal by two defendants from conviction on eight counts charging them with entering a federally insured bank with intent to rob by force and violence (count 1) and robbing the bank by force and violence (count 2), both in violation of 18 U.S.C. § 2113(a); with possession of funds stolen in the robbery (count 3) in violation of 18 U.S.C. § 2113(c); and with assault with dangerous weapons during the course of the robbery (counts 4 to 8), in violation of 18 U.S.C. § 2113(d). Upon conviction on all counts, the court sentenced each defendant to aggregate terms of 25 years: 25 years for the assaults under 18 U.S.C. § 2113(d); 20 years for the aggravated bank robbery under § 2113(a), and ten years for possession under 18 U.S.C. § 2113(c), the sentences to run concurrently.

The Supreme Court held it was error for the district court to have allowed the jury to convict the defendant for violation of 18 U.S.C. § 2113(c). Quoting from *Heflin v. United States, supra,* the court noted:

> "subsection (c) was not designed to increase the punishment for him who robs a bank but only to provide punishment for those who receive the loot from the robber." 424 U.S. at 547, 96 S.Ct. at 1026, 47 L.Ed.2d at 227, 44 U.S.L.W. at 4294.

Nevertheless, the Court held that *Milanovich v. United States, supra,* did not require that defendant be retried as the Court of Appeals had ordered. In *Gaddis,* the evidence clearly showed that defendant was the robber of the bank and there was no evidence he was guilty of receiving the proceeds from a different robber. Accordingly, the Court held that the trial judge should have dismissed the possession count, and his error could be fully corrected by

---

1. 18 U.S.C. § 2113(d) provides:

   (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

2. 18 U.S.C. § 2113(c) provides:

   (c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value knowing the same to have been taken from a bank, credit union, or a savings and loan association, in violation of subsection (b) of this section shall be subject to the punishment provided by said subsection (b) for the taker.

simply vacating the conviction and sentence on that count.

We find *Gaddis* controlling with regard to Gentry's contention that he is entitled to a new trial under *Milanovich, supra.* As in *Gaddis,* the evidence showed that Gentry was a direct participant in the bank robbery and there is no evidence that he received the proceeds from a different bank robber. Thus the error of the district judge in allowing him to be convicted for violation of § 2113(c) can be fully corrected by vacating that conviction, and his conviction and sentence under 18 U.S.C. § 2113(d) for armed robbery must stand.

■ The district judge further refused to vacate Gentry's sentence and conviction under 18 U.S.C. § 2113(c). While acknowledging that *Heflin, supra,* required under the circumstances of that case that defendant's conviction under § 2113(c) be set aside, the district judge found *Heflin* to be distinguishable:

> Under *Heflin,* the petitioner's robbery conviction and sentence would be of unquestioned validity. The petitioner having received a concurrent sentence upon the possession charge, rather than a consecutive sentence, *Heflin* would accord him no relief. *See Ethridge v. United States,* 494 F.2d 351 (6th Cir. 1974). Furthermore, it should be pointed out that the second count in the petitioner's indictment was for possession and concealing, and not for receiving, the specific offense involved in *Heflin.* In this respect the present case is distinguishable from both *Heflin* and *Milanovich,* a matter that the Court will consider more fully hereinafter. 386 F.Supp. at 1128.

We find these distinctions unpersuasive. First, in *Gaddis,* as in the present case, defendants were charged under § 2113(c) with possession of the stolen bank funds, not with receiving such funds as in *Heflin.* We thus conclude that at least under the facts of this case, it is immaterial whether the charge under § 2113(c) was possession of or receiving stolen bank funds. In either case, the conviction cannot stand.

The district court also found *Heflin* distinguishable in that the sentences imposed therein were consecutive, while those involved here are to be served concurrently. Citing *Ethridge v. United States,* 494 F.2d 351 (6th Cir. 1974), the district court apparently felt that no relief was available to Gentry since his sentences were to run concurrently.

We do not think the distinction between concurrent and consecutive sentences is controlling here. In *Gaddis,* unlike *Heflin,* concurrent sentences on all counts were imposed. Nevertheless, the Supreme Court vacated both the conviction and the sentence under the § 2113(c) count. Although *Gaddis* involved a direct appeal from a judgment of conviction, this court has been willing in the context of a § 2255 motion to vacate illegal sentences imposed under the various subsections of 18 U.S.C. § 2113, even though the sentences were to run concurrently. *Machibroda v. United States,* 338 F.2d 947 (6th Cir. 1964).

Finally, we do not think this is an appropriate case for application of the concurrent sentence rule. In *Ethridge, supra,* relied upon by the district court, the defendant was convicted on four charges: (1) murder to avoid apprehension for bank robbery, (2) conspiracy to commit bank robbery and murder, (3) bank robbery, and (4) possession of the proceeds of the robbery. He was given a fifty year sentence on the murder charge, five years on the conspiracy charge, and twenty and ten years respectively on the bank robbery and possession charges, the sentences to run concurrently. Thereafter defendant filed a § 2255 motion attacking only the imposition of separate sentences for the bank robbery and possession charges. Noting that the fifty-year sentence was not under attack, a majority of the court stated that it could think of no circumstances where there could be meaningful collateral effects of the sentences attacked. Thus, as a discretionary matter, the court applied the concurrent sentence rule and refused to consider the claims.

Here, however, the twenty-year and ten-year sentences for armed bank robbery and

possession of bank robbery proceeds are the only ones imposed. Although Gentry has not shown specific adverse consequences which might arise if his conviction and sentence on the possession charge are not set aside, we note that "It is well understood that a multiplicity of sentences impairs a prisoner's opportunities for pardon or parole." *Hibdon v. United States,* 204 F.2d 834, 839 (6th Cir. 1953), *Machibroda v. United States,* 338 F.2d 947, 949 (6th Cir. 1964).

Accordingly, the judgment of the district court is vacated and the cause remanded for entry of judgment vacating petitioner's conviction and sentence under 18 U.S.C. § 2113(c).