**Gurney W. MOODY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 77–3433.**

United States Court of Appeals, Sixth Circuit.

Submitted July 7, 1978.

Decided Aug. 7, 1978.

Gurney W. Moody, pro se.

James C. Cissell, U. S. Atty., Cincinnati, Ohio, Mary Jane McFadden, Asst. U. S. Atty., Dayton, Ohio, for respondent-appellee.

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

This appeal from a judgment denying petitioner's 1977 motion to vacate sentence pursuant to 28 U.S.C. § 2255 was submitted to the court on the district court record and briefs of the parties. The petitioner was sentenced in 1972 to two five-year terms to run consecutively upon his conviction both of possessing and selling counterfeit obligations, violations of 18 U.S.C. §§ 472 and 473

respectively. These convictions were affirmed on appeal.

■ In his present appeal petitioner argues that he was exposed to double jeopardy by being sentenced to consecutive terms for offenses arising out of a single transaction, that the consecutive sentences are void on the ground of "multiplicity" and that the trial court erred in the sentencing by relying on hearsay information outside the record. The double jeopardy claim and the contention that his due process rights were violated by the sentencing court's reliance on information outside the record are completely without merit.

■ The government argues that failure to object to an indictment on grounds of multiplicity constitutes a waiver of any claim that multiple sentences on the charges are impermissible. This court has held otherwise. See *United States v. Rosenbarger*, 536 F.2d 715, 721–22 (6th Cir. 1976), *cert. denied*, 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977). In *Gentry v. United States*, 533 F.2d 998 (6th Cir. 1976), we considered a claim of multiplicity of sentences first raised in a § 2255 motion after both convictions had been affirmed on direct appeal. The government's contention that this claim is not cognizable in a § 2255 proceeding is contrary to the law of this circuit.

■ However, we do not reach the claim of multiplicious sentences for another reason. In 1973 the petitioner filed a § 2255 motion in which he raised the identical issue. The district court denied that motion and entered a memorandum opinion setting forth the reasons. Though petitioner filed a notice of appeal he did not pursue the matter and this court dismissed the appeal for want of prosecution. Section 2255 provides in part:

> The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

The district court did not abuse its discretion in declining to consider the claim of multiplicity in the 1977 motion. *Hill v. United States*, 378 F.2d 44 (6th Cir.), *cert. denied*, 389 U.S. 884, 88 S.Ct. 145, 19 L.Ed.2d 180 (1967).

The judgment of the district court is affirmed.