787 F.2d 594
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EARL E. WRIGHT, Petitioner-Appellant
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 84-3915
 United States Court of Appeals, Sixth Circuit.
 3/6/86
 
 AFFIRMED
 N.D.Ohio
 ORDER
 BEFORE: MERRITT and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the appellant's motion for appointment of counsel and motion to proceed in forma pauperis. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's motions and informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Initially, the appellant's motion to proceed in forma pauperis is of no consequence. The district court permitted the appellant to proceed in forma pauperis. There is no need to again apply for pauper status on appeal. Rule 24(a), Federal Rules of Appellate Procedure.
 
 
 3
 Earl E. Wright brings this appeal from the denial of his motion for a new trial and motion to vacate his conviction pursuant to Rule 28 U.S.C. Sec. 2255. The present Sec. 2255 petition is the fourth such petition filed by the appellant. On April 18, 1980, following a trial by jury, Wright was found quilty of two counts of armed robbery, 18 U.S.C. Sec. 2113(a) and (b). Appellant was sentenced to consecutive 25 year prison terms. The judgment of conviction was affirmed by this Court in United States v. Wright, No. 80-5148 (6th Circuit, January 12, 1981).
 
 
 4
 In the Sec. 2255 motion, the appellant claims that the trial judge was biased because he participated in the plea bargaining process. The motion for new trial is based on the same grounds. These motions were consolidated by the district court. The Sec. 2255 petition was denied on the basis that it is a successive petition under Rule 9, Rules governing Sec. 2255 petitions. Further, the district court found that the motion for new trial was not filed in a timely fashion.
 
 
 5
 With respect to the bias claim, the district court did not abuse its discretion. This same issue was raised in the appellant's first Sec. 2255 motion, which was denied in Wright v. United States, No. C81-932 (S.D. Ohio, November 2, 1981). The district court is not required to entertain successive Sec. 2255 petitions for similar relief. See Moody v. United States, 580 F.2d 238 (6th Cir. 1978).
 
 
 6
 Furthermore, the district court was also correct in denying the motion for new trial. The appellant's criminal trial in this action was more than four years prior to the filing of this motion. As such, the motion was not filed in a timely fashion. Rule 33, Federal Rules of Criminal Procedure.
 
 
 7
 Accordingly, it is ORDERED the motion for counsel is denied and the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.