815 F.2d 705
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Russell PEPPARD, Petitioner-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 86-3946.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1987.
 
 1
 Before KRUPANSKY and BOGGS, Circuit Judges; and TAYLOR, District Judge*.
 
 ORDER
 
 2
 The petitioner moves for counsel and pauper status on appeal from the district court's order denying his motion to vacate. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the petitioner's informal and regular briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The petitioner was convicted of kidnapping and received an eight year sentence. He filed a motion to withdraw his guilty plea which was denied. This Court affirmed that denial on appeal.
 
 
 4
 The petitioner then filed a motion to vacate in the district court. The motion argued that his guilty plea was involuntary because of pressure tactics, deprivation of medication, lack of mental competency, and ineffective assistance of counsel due to a conflict. The district court denied this motion.
 
 
 5
 The petitioner did not appeal. Instead, he filed another motion to withdraw his guilty plea, arguing that the district court's prior order had failed to address the mental competency and ineffective assistance of counsel issues. He also filed a motion to recuse the trial judge. The district court construed the motion to withdraw as a motion to vacate in accordance with Rule 32(d), Federal Rules of Criminal Procedure. The court then denied the motion as successive. It also denied the motion to recuse.
 
 
 6
 Under Rule 9(b), Rules Governing Sec. 2255 Proceedings, the district court can dismiss a motion as successive if it contains issues identical to those in an earlier motion. Moody v. United States, 580 F.2d 238, 239 (6th Cir.1978) (per curiam ). The standard is abuse of discretion. Id. In this Court's recent case of Lonberger v. Marshall, --- F.2d ----, Slip Op., Case No. 84-3596 (6th Cir. January 6, 1987), the Court held that a motion raising ineffective assistance of counsel concerning a guilty plea is successive to a prior motion which raised the involuntariness of the plea.
 
 
 7
 In the present case, the mental competency and ineffective assistance of counsel issues are based on different facts than the issues in the prior motion and prior direct appeal. However, they are based on the same legal issue as those previous attacks against the guilty plea, so the district court did not abuse its discretion when it denied the motion as successive.
 
 
 8
 Concerning the motion to recuse, the rule is that bias and prejudice must be personal and not judicial. The bias or prejudice must arise out of background or situation, not from the judge's view of the law. United States v. Story, 716 F.2d 1088, 1090 (6th Cir.1983); accord, In re M. Ibrahim Khan, P.S.C., 751 F.2d 162, 164 (6th Cir.1984). Because the petitioner's motion is based on the prior legal rulings of the trial judge, the motion was properly denied.
 
 
 9
 The motion for pauper status is granted, and the motion for counsel is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation