940 F.2d 661
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sylvester Seal MURRAY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-2201.
 United States Court of Appeals, Sixth Circuit.
 July 25, 1991.
 
 1
 Before RYAN and BOGGS, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 Petitioner, Sylvester Seal Murray, appeals from the district court's order dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. Petitioner is represented by counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1983, petitioner was convicted by a jury of conspiracy (21 U.S.C. Sec. 846), substantive drug violations (21 U.S.C. Sec. 841(a)(1)), unlawful use of a communication facility (21 U.S.C. 843(b)), and engaging with others in a continuing criminal enterprise (21 U.S.C. Sec. 848). He also pleaded guilty to attempted tax evasion (26 U.S.C. Sec. 7201). He was sentenced to concurrent prison terms of 15 years for each offense. This court affirmed the convictions on April 19, 1985. See United States v. Murray, No. 83-1441, unpublished op. (6th Cir. Apr. 19, 1985).
 
 
 4
 On August 22, 1986, petitioner filed a motion to correct his presentence report pursuant to Fed.R.Crim.P. 32(c)(3), arguing that errors in the report required the court to vacate his sentence. The district court denied the motion on September 9, 1986, and petitioner appealed that order on September 16, 1986.
 
 
 5
 At about the same time, on September 10, 1986, petitioner filed a second motion entitled "Motion to Vacate Complete Conviction, Sentence and Judgment Respecting Defendant's Conviction for Conspiracy under Title 21, Sec. 846, U.S.C., and to Vacate Entire Sentence Under Title 21, Sec. 848, U.S.C." Petitioner supported the motion by challenging the use of wiretap evidence in the underlying case and claiming ineffective assistance of counsel. Because petitioner's motion to correct the presentence report was still on appeal to this court, the district court denied his motion to vacate complete conviction on January 29, 1987. Petitioner filed a timely appeal.
 
 
 6
 This court consolidated the two appeals and, after concluding that petitioner had failed to file his opening appellate brief on time, despite an extension of dates from the court, dismissed both matters for lack of prosecution. See Murray v. United States, Nos. 86-1848/87-1180, unpublished order (6th Cir. Oct. 27, 1987).
 
 
 7
 Thereafter, on November 14, 1989, petitioner filed the motion that forms the basis for this appeal, entitled "Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. Sec. 2255." In support of the motion, petitioner claimed that the wiretap evidence introduced at trial was improperly admitted to convict him of engaging in a continuing criminal enterprise (21 U.S.C. Sec. 848). Petitioner asserted that there was no judicial authorization to gather wiretap evidence to prove violations of either 21 U.S.C. Sec. 848 or 26 U.S.C. Sec. 7201. Petitioner further asserted that respondent introduced the evidence to convict petitioner under Sec. 848, and to influence him to plead guilty to Sec. 7201. Petitioner also contended that his trial counsel never moved at trial to suppress the evidence as illegally intercepted and disclosed under 18 U.S.C. Sec. 2517(5). He claimed that this amounted to ineffective assistance of counsel. He further claimed that trial and appellate counsel were ineffective in that they advised him that there was no viable defense.
 
 
 8
 Respondent filed a motion to dismiss petitioner's Sec. 2255 motion, arguing that petitioner abandoned his claims when he failed to prosecute his two appeals to this court. Respondent further contended that petitioner's Sec. 2255 motion lacked merit, constituted petitioner's third attempt to vacate his sentence, and amounted to an abuse of the writ of habeas corpus as petitioner attempted to obtain piecemeal review of his claims.
 
 
 9
 On October 19, 1990, the district court issued an order granting the respondent's motion to dismiss petitioner's Sec. 2255 motion due to petitioner's abuse of the writ. The district court determined that petitioner's failure to prosecute his earlier motions to vacate his sentence and conviction on appeal to this court was a clear indication of petitioner's desire to unjustifiably "burden the courts with fragmented litigation." This timely appeal followed.
 
 
 10
 The standard of review in this case is whether the district court abused its discretion. See Moody v. United States, 580 F.2d 238, 239 (6th Cir.1978) (per curiam). Under Rule 9(b), Rules Governing Section 2255 Proceedings, a second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 11
 Dismissal of the instant Sec. 2255 motion to vacate sentence was not proper. Indeed, in support of both Sec. 2255 motions, petitioner challenges the use of wiretap evidence in the underlying criminal case and asserts a claim of ineffective assistance of counsel. However, the district court did not reach the merits of petitioner's first Sec. 2255 motion. Only previous motions that have been denied on their merits may be considered for purposes of Rule 9(b). See Sanders v. United States, 373 U.S. 1, 16 (1963). Here, for purposes of Rule 9(b), the first Sec. 2255 motion could not properly be considered, since that motion was dismissed on procedural grounds rather than on its merits.
 
 
 12
 Accordingly, the district court's order is vacated and the case is remanded pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation