960 F.2d 150
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvin C. WAMPLER, Defendant-Appellant.
 No. 91-5953.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1992.
 
 Before KENNEDY and SILER, Circuit Judges and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Alvin C. Wampler appeals his jury conviction for aiding and abetting theft and concealment of goods stolen in a national park. Wampler complains that the District Court abused its discretion in denying his motion for continuance and that his conviction on counts of both theft of a purse and receiving and concealing the same purse was unfair. For the reasons stated below we AFFIRM the conviction on the theft count and VACATE the conviction for receiving and concealing stolen goods.
 
 
 2
 On October 3, 1988, the defendant was involved in the theft of a purse from a car parked in Smoky Mountains National Park. The government presented the following evidence. Defendant and two other persons were driving through the national park looking for a car to rob. They used a lug wrench, owned by the defendant, to shatter the glass window of a locked car parked at Laurel Falls in the park. One of the co-defendants, Kenneth Carter, then opened the car door and took a purse lying on the floor of the car. Carter returned with the purse to the defendant's car and Wampler retrieved the lug wrench. The three men drove away from the crime scene. They were followed, and eventually apprehended, by the victim of the theft.
 
 
 3
 Defendant was indicted on July 18, 1991. The three-count indictment charged Wampler with aiding and abetting in the breaking and entering a vehicle, the theft of personal property, and in receiving and concealing the same stolen property. On April 8, 1991, defendant's motion to sever from the co-defendant in the case was granted. Trial was set for April 10, 1991. Defendant failed to appear for trial and was eventually apprehended pursuant to a bench warrant. Trial was reset for April 26, 1991. A jury found the defendant guilty of the theft and receiving stolen property counts. He was acquitted on the breaking and entering a vehicle charge. Defendant's motion for judgment of acquittal on the count of receiving and concealing stolen property was denied. Defendant was sentenced to fifteen months on each count with the sentences to be served concurrently. Defendant filed a timely notice of appeal.
 
 
 4
 Defendant argues that the District Court should have granted his motion for a continuance when it became clear that a material witness was not in attendance. Defendant's counsel had issued a subpoena for defendant's ex-wife Wanda Wampler a week before the second trial date. The subpoena was never served. No subpoena had been issued in anticipation of the first trial date. The witness did not appear at trial and defense counsel made a motion for continuance on the day of trial arguing that Wanda Wampler was a material witness. According to counsel, she had made a statement that Carter, the co-defendant, had come to her looking for the defendant about two days after the incident and had said that he was the one that did it all. He had also told her that if she saw defendant, tell him not to worry, he'd take care of everything and he was sorry.[1] The District Court denied the motion for continuance.
 
 
 5
 The decision whether to grant or deny a continuance is solely within the discretion of the trial court. United States v. Moreno, 933 F.2d 362, 371 (6th Cir.), cert. denied, 112 S.Ct. 265 (1991). The denial of a continuance request may be reversed only upon a showing of abuse of discretion. Id. at 371. A motion for continuance in order to locate a witness may be justified by showing that the witness will supply favorable evidence and is available and willing to testify. United States v. Sawyers, 902 F.2d 1217, 1219 (6th Cir.1990), cert. denied, 111 S.Ct. 2895 (1991); United States v. Boyd, 620 F.2d 129 (6th Cir.), cert. denied, 449 U.S. 855 (1980). The trial court may consider the diligence of the defense in interviewing and obtaining the witness, the probability of the witness' subsequent appearance, and the unique nature of the testimony. Sawyers, 902 F.2d at 1219. In this case, the District Court, when denying the continuance, noted that the defendant had over 10 months from the time of indictment to trial to procure the witness. No subpoena was even issued for Wanda Wampler prior to the first trial date. In addition, no evidence was presented as to when the witness might be located and available to testify. Based on these facts, we cannot say that the denial of the continuance was an abuse of discretion.
 
 
 6
 Defendant also objects to his conviction and sentencing on counts of both theft and receiving and concealing. The government concedes that the sentencing was improper. Milanovich v. United States, 365 U.S. 551 (1961). The Supreme Court in Milanovich set aside both a theft conviction and a receiving and concealing conviction finding that the trial judge had failed to indicate to the jury that a guilty verdict could be returned on either count but not both. 365 U.S. at 555. A new trial was ordered. A new trial is not required in cases where the evidence is clear that the defendant committed a theft, but does not show that the defendant is guilty of receiving proceeds from that theft. In these cases, the reviewing court may vacate the receiving and concealing conviction rather than ordering a new trial. Gentry v. United States, 533 F.2d 998, 999 (6th Cir.1976) (relying on United States v. Gaddis, 424 U.S. 544 (1976)). We find that the trial judge in this case erred in denying the defendant's motion for acquittal on the receiving and concealing count and therefore VACATE the conviction and sentence on that count. The conviction on the theft count is AFFIRMED.
 
 
 
 [1]
 At trial Mr. Carter testified, "I'm willing to take all the blame myself." He also testified that it was he who took the purse from the car. Thus, although he denied ever talking to Mrs. Wampler, her testimony would only marginally impeach him, if it would impeach him at all, regarding the incident. Carter testified he did not see who broke the window