985 F.2d 562
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James WHITLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1881.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1993.
 
 Before BOYCE F. MARTIN, JR., MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 James Whitley, a federal prisoner, appeals a district court order denying his fourth motion to vacate and set aside sentence filed pursuant to 28 U.S.C. § 2255. Additionally, he requests the appointment of counsel in his appellate brief. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In June 1976, Whitley was convicted by a five person jury of attempting to commit an armed robbery and of the commission of an armed robbery, in violation of 18 U.S.C. § 2113(a) and (d), respectively. He was sentenced to a total of 35 years imprisonment. Whitley's conviction was affirmed on appeal.
 
 
 3
 In August 1980, Whitley filed his first § 2255 motion to vacate, contending that he did not waive his right to a six person jury and that the five person jury which convicted him was unconstitutional. In an order dated August 29, 1980, the district court denied the motion, finding that the jury size was not improper since Whitley knowingly and intelligently waived his right to a larger jury. On February 1, 1983, Whitley filed his second § 2255 motion to vacate challenging the validity of the five person jury. The district court denied Whitley's second motion in an order dated December 5, 1983. In a letter dated January 28, 1992, Whitley reaffirmed his belief that he had not waived his right to a six person jury, and, in essence, sought a new trial. The district court treated the letter as a motion to vacate under 28 U.S.C. § 2255 and denied the motion in an order dated May 5, 1992. On May 8, 1992, Whitley filed his fourth motion to vacate sentence. He again sought to have his 1976 conviction set aside because he was found guilty by a five person jury. The district court dismissed the motion after concluding that the ground alleged in that motion was precluded under Rule 9(b) of the Rules Governing Section 2255 Proceedings.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in dismissing, as successive, the present § 2255 motion to vacate sentence. Generally, dismissals pursuant to Rule 9(b) will be reviewed only for an abuse of discretion. Moody v. United States, 580 F.2d 238, 239 (6th Cir.1978) (per curiam). Under Rule 9(b), a second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or if new or different grounds are alleged, the judge finds that failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedures governed by the rules. Redetermination may be appropriate, however, if the initial hearing denying the motion was not fair, if there has been an intervening change in the law, or if the denial of the previous motion constitutes plain error. Sanders v. United States, 373 U.S. 1, 16-17 (1963). No intervening change in the law has occurred which requires a redetermination of Whitley's claim in the present § 2255 motion. The claim asserted in the present motion has already been presented and decided adversely to Whitley.
 
 
 5
 Accordingly, the request for counsel is denied. The district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.