12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin David STEPHENSON, Petitioner-Appellant,
v.
UNITED STATES of America Respondent-Appellee.
 No. 93-5464.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 This federal prisoner moves for in forma pauperis status on appeal from a district court order denying his second motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1988, Martin David Stephenson pleaded guilty to willfully and knowingly making a false statement as to a material matter to an agency of the United States, specifically the United States Secret Service, in violation of 18 U.S.C. Sec. 1001. The district court sentenced him to three months and three days in prison, followed by two years of supervised release.
 
 
 4
 On June 22, 1989, Stephenson filed his first Sec. 2255 motion challenging his 1988 conviction. In support of this motion, he claimed: (1) the district court for the Eastern District of Tennessee at Chattanooga lacked jurisdiction to prosecute; (2) the conviction was obtained by the failure of the prosecution to disclose evidence favorable to Stephenson; (3) he was incompetent at the time of his guilty plea; (4) his guilty plea was not made voluntarily or with an understanding of the nature of the charges and the consequences of the plea; (5) the presentence report contained factual inaccuracies as to Stephenson's criminal history; and (6) he received ineffective assistance of counsel. The district court denied Stephenson's first Sec. 2255 motion in a memorandum and order filed November 30, 1989. The Sixth Circuit affirmed the denial of Stephenson's first Sec. 2255 motion in an unpublished order filed November 15, 1990. See Stephenson v. United States, No. 90-5065 (6th Cir. Nov. 15, 1990).
 
 
 5
 Stephenson's supervised release was revoked on July 31, 1990. Stephenson appealed the decision revoking supervised release and the Sixth Circuit remanded for a new revocation hearing. See United States v. Stephenson, 928 F.2d 728 (6th Cir.1991).
 
 
 6
 On February 11, 1993, Stephenson filed his second Sec. 2255 motion raising the following issues:
 
 
 7
 (1) the trial court and counsel failed to inform him of his right to appeal his sentence;
 
 
 8
 (2) the trial court and counsel failed to inform him of the consequences of his plea in that he was not notified of the consequences of violating his supervised release;
 
 
 9
 (3) trial counsel was ineffective due to his failure to inform Stephenson concerning issues one and two above;
 
 
 10
 (4) the trial court lacked jurisdiction to give a sentence with credit for time-served; and
 
 
 11
 (5) the trial court lacked authority to sentence Stephenson to a period of supervised release rather than probation.
 
 
 12
 On April 2, 1991, upon rehearing pursuant to the Sixth Circuit's remand, the district court terminated Stephenson's supervised release. On February 19, 1993, the district court issued a memorandum opinion and order denying Stephenson's second Sec. 2255 motion. The court addressed the merits of claims one, three, four and five above; however, it declined review of claim two finding the claim successive under Rule 9(b) of the Rules Governing Sec. 2255 Proceedings. On appeal, Stephenson reasserts claims one through four.
 
 
 13
 Initially, we note that Stephenson does not assert claim five on appeal; therefore, it is considered abandoned and will not be reviewed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 14
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Stephenson's second claim pursuant to Rule 9(b) of the Rules Governing Section 2255 Proceedings. See Moody v. United States, 580 F.2d 238, 239 (6th Cir.1978) (per curiam). Stephenson has failed to show cause why this claim was not raised previously or actual prejudice resulting from his failure to do so. McCleskey v. Zant, 111 S.Ct. 1454, 1467 (1991).
 
 
 15
 Upon further review, we conclude that Stephenson is not entitled to relief under Sec. 2255 with respect to the remaining claims because he has failed to show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 16
 The record does not support Stephenson's allegations that the trial court failed to inform him of his right to appeal his sentence or that he was denied the effective assistance of counsel by the failure of counsel to advise him of his right to appeal his sentence. Stephenson knowingly and willingly waived his right to appeal any legal sentence as part of his plea agreement. He was informed of his right to appeal at the time he entered his plea. The minutes of Stephenson's rearraignment further indicate that Stephenson was notified of his right to appeal any illegal sentence. Based upon an examination of the record, it is apparent that Stephenson failed to substantiate his allegations regarding the trial court and counsel's alleged failure to inform him of his right to appeal his sentence.
 
 
 17
 Finally, although the sole authority to grant credit for time served is vested in the United States Attorney General, see United States v. Wilson, 112 S.Ct. 1351, 1353-54 (1992), Stephenson fails to show how he was actually prejudiced when the district court made the determination concerning his credit for time-served.
 
 
 18
 Accordingly, the motion for in forma pauperis status is granted and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation