19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Charles WOOD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2251.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1994.
 
 1
 Before: NELSON and NORRIS, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 James Charles Wood, a pro se federal prisoner, appeals a district court order summarily dismissing a document that he entitled "Petition For Writ Of Coram Nobis Under Immediate Emergency Consideration Basis" and that the district court construed as a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Wood on two counts of bank robbery for which he received two consecutive twenty-five year sentences. On direct appeal, Wood challenged the admissibility of certain evidence and the sufficiency of the evidence as to the F.D.I.C. insurance status of the involved bank. This court affirmed the convictions. See United States v. Wood, 780 F.2d 555 (6th Cir.) (per curiam), cert. denied, 475 U.S. 1111 (1986).
 
 
 4
 Wood then filed two motions for relief under 28 U.S.C. Sec. 2255 contesting the evidence of the bank's insured status and the validity of the indictment. The motions were denied by the district court. The Sixth Circuit affirmed the district court's decisions. See Wood v. United States, 909 F.2d 1485 (6th Cir.1990) (unpublished); Wood v. United States, 831 F.2d 298 (6th Cir.1987) (unpublished), cert. denied, 484 U.S. 1077 (1988).
 
 
 5
 In July 1991, Wood filed a "petition" under "Rule 60--Writ of Error Coram Nobis" which the district court construed as a motion under Sec. 2255. Wood again challenged the sufficiency of the evidence and the validity of the indictment. The district court dismissed the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. The Sixth Circuit affirmed the district court's judgment. See Wood v. United States, 956 F.2d 271 (6th Cir.1992) (unpublished).
 
 
 6
 In July 1993, Wood filed the instant "Petition For Writ Of Coram Nobis Under Immediate Emergency Consideration Basis" which the district court also construed as a motion under Sec. 2255. Wood again challenged the sufficiency of the evidence and the validity of the indictment. He also asserted for the first time that his Fifth Amendment rights were violated by the sentence he was given. The district court dismissed the motion pursuant to Rules 4 and 9 of the Rules Governing Sec. 2255 Proceedings.
 
 
 7
 Initially, we note that Wood is currently serving the sentences which form the basis of his petition; therefore, the district court did not err by treating the petition for a writ of coram nobis as a Sec. 2255 motion to vacate, set aside or correct sentence. Flippins v. United States, 747 F.2d 1089, 1091 (6th Cir.1984) (per curiam).
 
 
 8
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Wood's Sec. 2255 motion pursuant to Rule 9(b) of the Rules Governing Section 2255 Proceedings. Generally, dismissals pursuant to Rule 9(b) will be reviewed only for an abuse of discretion. Moody v. United States, 580 F.2d 238, 239 (6th Cir.1978) (per curiam). Under Rule 9(b), a successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or if new or different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedures governed by the Rules.
 
 
 9
 Wood's challenges to the sufficiency of the evidence and the validity of the indictment have been considered and rejected by this court on four previous occasions. Furthermore, since the record conclusively shows that these claims were without merit, the district court also properly denied the motion without a hearing. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); Bryan v. United States, 721 F.2d 572, 577 (6th Cir.1983), cert. denied, 465 U.S. 1038 (1984).
 
 
 10
 Upon further review, we conclude that Wood's Sec. 2255 motion was properly dismissed as an abuse of the writ insofar as he asserted a Fifth Amendment claim. The Fifth Amendment claim was not raised in any of the prior postconviction motions and Wood has not established cause and prejudice to excuse this failure or made a colorable showing of actual innocence. See McCleskey v. Zant, 111 S.Ct. 1454, 1470-71 (1991). In any event, the claim is meritless. Wood's Fifth Amendment claim is based, in part, on cases dealing with the Federal Sentencing Guidelines which are inapplicable to Wood's case because he was sentenced more than two years prior to the effective date of the Sentencing Guidelines. Also, the sentences Wood received were within the statutory maximum for the offenses committed. See 18 U.S.C. Sec. 2113(a) and (d).
 
 
 11
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation