99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andrew RENFRO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2298.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1996.
 
 Before: LIVELY, BOGGS, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1978, Andrew Renfro was convicted of violating the federal Controlled Substances Act under 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Renfro to three concurrent ten-year terms of imprisonment and a five-year special parole term as provided by statute. This court affirmed the conviction and sentence. United States v. Renfro, 620 F.2d 569 (6th Cir.1980). The district court subsequently amended its judgment by eliminating the five-year special parole term with respect to Renfro's conviction under 21 U.S.C. § 846. Renfro violated his parole and was returned to prison.
 
 
 3
 Thereafter, Renfro filed his present motion to vacate sentence challenging the validity of the special parole term. He argued that the five-year special parole term was illegal because the district court completely abolished any term of parole in the amended judgment. The magistrate judge concluded that Renfro's motion to vacate was obviously successive and recommended that the motion to vacate sentence be denied. The district court adopted the magistrate judge's recommendation over Renfro's objections. Renfro appeals that judgment.
 
 
 4
 In his timely appeal, Renfro reasserts the claim he set forth in the district court.
 
 
 5
 The district court did not abuse its discretion. See Moody v. United States, 580 F.2d 238, 239 (6th Cir.1978) (per curiam). A motion to vacate may be denied as successive if: 1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application; 2) the prior determination was on the merits; and 3) the ends of justice would not be served by reaching the merits of the subsequent application. Rule 9(b) [first clause], Rules Governing § 2255 Proceedings; Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Renfro's claim is successive because it is the same claim previously addressed and determined adversely to him on the merits in three previous § 2255 motions and one petition for a writ of mandamus. Furthermore, Renfro has not supplemented his constitutional claim with a colorable showing of factual innocence that would require this court to entertain his motion to vacate sentence. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 6
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation filed October 13, 1995, as adopted by the district court in its order filed October 31, 1995.