**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Walter BURKHART, Defendant-Appellant.**

**No. 74–1871.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 19, 1975.

Decided Jan. 29, 1976.

---

Katherine A. Keller, Cincinnati, Ohio (Court Appointed), for defendant-appellant.

Eldon Webb, U. S. Atty., Robert F. Trevey, E. Lee Woods, Lexington, Ky., for plaintiff-appellee.

Before EDWARDS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Appellant appeals from conviction after jury trial on 17 counts of receiving, possessing and transporting a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 1202(a)(1) (App.1970). The District Judge sentenced defendant to one year and a day imprisonment on counts one through six, and two years imprisonment on the other 11 counts, with all terms to run concurrently. He then suspended all prison time except six months on the first six counts, with a three-year probation term scheduled to begin after the six months of incarceration.

Appellant's appeal before this court is directed to only three of the counts referred to above, numbers 4, 9 and 16. As to them the argument is advanced that the specific weapons here concerned were "inoperable" according to the testimony of the doctor from whose house they had been stolen.

■ Since we perceive no basis under which our resolution of this appeal could have any effect upon appellant's imprisonment or subsequent parole, or for that matter enjoyment of life, in view of the fact that 14 of the ,17 concurrent sentences are not under attack, in the interest of judicial economy, we decline to hear and we dismiss these appeals. *See Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *Ethridge v. United States,* 494 F.2d 351 (6th Cir. 1974), *cert. denied,* 419 U.S. 1025, 95 S.Ct. 504, 42 L.Ed.2d 300 (1975).

■ Although no appellate issue has been brought to us on this score, the court takes cognizance of decisions of other circuits concerning the statute here at issue which hold generally that the government may not treat weapons simultaneously possessed by a felon as separate offenses related to each separate weapon. *See United States v. Calhoun,* 510 F.2d 861, 869 (7th Cir.), *cert. denied,* 421 U.S. 950, 95 S.Ct. 1683, 44 L.Ed.2d 104 (1975); *United States v. Kinsley,* 518 F.2d 665 (8th Cir. 1975). *Cf. United States v. Steeves,* 525 F.2d 33 (8th Cir. 1975). We note that the 17 weapons considered in this case were stolen at one time and possessed at one time. However, since this issue has not been briefed or argued before us and the three-count sentences here involved are all concurrent, we elect to defer consideration of this issue to an appropriate case.

The opinion of the District Court is affirmed.