Frank Leon BRYAN,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 82–5081.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 23, 1983.

Decided Nov. 23, 1983.

Certiorari Denied Feb. 21, 1984.
See 104 S.Ct. 1315.

James R. Adams (argued), Cincinnati, Ohio, Court-appointed, for petitioner-appellant.

Ronald E. Meredith, U.S. Atty., Alan E. Sears, Richard A. Dennis (argued), Asst. U.S. Attys., Louisville, Ky., for respondent-appellee.

Before KEITH, JONES and WELLFORD, Circuit Judges.

KEITH, Circuit Judge.

The appellant, Frank Leon Bryan, entered guilty pleas on April 3, 1967 to three separate indictments charging him with armed bank robbery. In each case, the court imposed a sentence of twenty years, to be served concurrently. The court modi-

fied the sentence on May 25, 1971, in accordance with 18 U.S.C. § 4208(a)(2), making the appellant eligible for parole at the discretion of the parole board.

■ On November 16, 1981, the appellant filed a *pro se* petition pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence in case No. 26877. The indictment in that case charged the appellant and two others, in a single count, with stealing the sum of $66,-446.00 by force, violence, and intimidation from a bank in violation of 18 U.S.C. § 2113(a) and (d).[1] The appellant's motion to vacate was denied without a hearing. On appeal, the appellant challenges the judgment of conviction and sentence on two grounds. First, he claims that it was improper to convict him under both 18 U.S.C. § 2113(a) and (d) because § 2113(d) is merely an aggravated version of § 2113(a). Thus, he argues that the two offenses should have merged. Secondly, he contends that the sentence applies to two convictions when it should only apply to one, and that the existence of multiple convictions may have improperly inflated the sentence. He also maintains that the court erred by not holding a hearing on the motion. For the reasons set forth below, we affirm the judgment of conviction.

In *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1956), the Supreme Court reviewed the Federal Bank Robbery Act, 18 U.S.C. § 2113, in order to determine whether unlawful entry and robbery are two offenses which may be consecutively punishable in a typical bank robbery situation. In rejecting the practice of pyramiding penalties under the Act where the

offenses arose from the same transaction the Court stated:

> The gravamen of the offense is not in the act of entering, which satisfies the terms of the statute even if it is simply walking through an open, public door during normal business hours. Rather the heart of the crime is the intent to steal. This mental element merges into the completed crime if the robbery is consummated. To go beyond this reasoning would compel us to find that Congress intended, by the 1937 amendment, to make drastic changes in authorized punishments. This we cannot do. If Congress had so intended, the result could have been accomplished easily with certainty rather than by indirection.

The clear import of the Supreme Court's holding in *Prince* was that a person should not be punished twice for a single unlawful transaction. As a result, *Prince* was remanded to the district court for the sole purpose of resentencing.

Following *Prince,* a conflict developed among the Circuits regarding the proper interpretation of the merger doctrine espoused by the Supreme Court. Several Circuits have construed *Prince* as holding that the offenses, under the Bank Robbery Act, only merge for the purpose of sentencing, thereby prohibiting pyramiding of penalties. *See, e.g., Government of Virgin Islands v. Reviere,* 670 F.2d 453 (3rd Cir. 1982); *United States v. Amos,* 566 F.2d 899 (4th Cir.1977); *Smith v. United States,* 356 F.2d 868 (8th Cir.), *cert. denied,* 385 U.S. 820, 87 S.Ct. 44, 17 L.Ed.2d 58 (1966). Oth-

---

1. The pertinent provisions of 18 U.S.C. § 2113 are as follows:

    Bank robbery and incidental crimes.

    (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or take any other thing of value belonging to, or in the case, custody, control, management, or possession of, any bank, or any savings and loan association; or

    Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, for any larceny—

    Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

    (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or put in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

er Circuits, however, have interpreted *Prince* as holding that there is a merger of offenses with only one offense in various aggravated forms. *See, e.g., Grimes v. United States,* 607 F.2d 6 (2d Cir.1979); *O'Clair v. United States,* 470 F.2d 1199 (1st Cir.1972). The distinction between the two interpretations is significant. Under the "merger of sentences" approach the Bank Robbery Act is treated as creating separate offenses which will permit separate convictions but not multiple sentences. In contrast, under the "merger of offenses" approach only a single conviction can be allowed to stand. *See United States v. Fried,* 436 F.2d 784, 787 (6th Cir.1971).

This Circuit has clearly adopted the merger of sentences approach. In *United States v. Machibroda,* 338 F.2d 947 (6th Cir.1964), the defendant pled guilty to two indictments each containing two separate counts charging entry with intent to steal in violation of 18 U.S.C. § 2113(a) and robbery in violation of 18 U.S.C. § 2113(d). The court sentenced the defendant in both cases to consecutive prison terms on each count. Consistent with the *Prince* decision, this Court opined that "the sentences attacked herein are for offenses which merged completely into the robbery counts when the robberies were completed." *Id.* at 949. Hence, this Court vacated the multiple sentences, but permitted the convictions to remain intact.

Thereafter, in *United States v. Fried,* 436 F.2d at 787 (6th Cir.1971), this Court expressly "adopted the approach taken by the Fourth, Seventh, Eighth and Tenth Circuits that the *Prince* doctrine of merger applies

only to sentencing and not offenses." [2] We further stated in *United States v. Hite,* 461 F.2d 646 (6th Cir.1972), that *Prince* proscribed the "pyramiding of sentences—and not multiple convictions—for the several crimes set forth in 18 U.S.C. § 2113." This position was reiterated in *United States v. Hunter,* 538 F.2d 1239 (6th Cir.1976), where this Court refused to vacate convictions of bank robbery by assault (18 U.S.C. § 2113(b) and (d) and kidnapping during the commission of a bank robbery (18 U.S.C. § 2113(e)). In affirming the conviction, we stated that the *Prince* doctrine required "vacation of multiple sentences, but not multiple convictions under the Bank Robbery Act." *Id.* at 1240. We have, therefore, clearly sanctioned convictions under 18 U.S.C. § 2113(a) and (d) where there is but one sentence. Application of this rule would mandate affirmance of the district court's decision in the case *sub judice.*

The appellant, however, urges this Court to re-evaluate its position in light of the Supreme Court's more recent opinion in *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976).[3] There, the Court held that a person convicted of § 2113(a) (robbing by force and violence) and § 2113(d) (assault with a deadly weapon) cannot also be convicted under § 2113(c) for receiving or possessing the robbery proceeds. The rationale for this holding was that § 2113(c) reached "a different group of wrongdoers, i.e. those who receive the loot from the robbery." *Id.* at 548, 96 S.Ct. at 1026. It would therefore be improper to convict for both stealing and receiving the same currency. This was implicit in the Court's declaration that:

**2.** The appellant argues that the Eighth Circuit recently indicated a contrary result in *United States v. Rust,* 650 F.2d 927 (8th Cir.1981) (per curiam). There, the court held that a defendant could not be convicted on two separate counts under the Bank Robbery Act of both attempted entry and entry. The court reasoned that all the elements of the attempt were included in the completed offense, hence a dual conviction would amount to double jeopardy. Therefore, the court vacated the judgment on Count one which charged attempted entry.

Though this case is not wholly consistent with the Eighth Circuit's previous rulings, the

circuit did not expressly overrule the principles announced in earlier cases. Nor did the circuit cite or refer to *United States v. Gaddis* as a basis for reconsidering its earlier position.

**3.** *United States v. Gaddis* was preceded by *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), where the Court held that a defendant could not lawfully be convicted of receiving property stolen from a bank in violation of § 2113(c) and assault during the commission of a bank robbery in violation of § 2113(d). *Accord Gentry v. United States,* 533 F.2d 998 (6th Cir.1976).

In subsection (c) ... Congress was trying to reach a new group of wrongdoers, not to multiply the offense of the bank robbers themselves. Thus while there was in the present case a merger of the convictions under §§ 2113(a) and (d), *Prince v. U.S.,* 352 U.S. 322 [77 S.Ct. 403, 1 L.Ed.2d 370], the merger could not include the conviction under § 2113(c).

*Id.* 424 U.S. at 547–48, 96 S.Ct. at 1025–26. Consequently, the *Gaddis* decision provides no basis for deviating from this Circuit's well formulated position.

Subsequent to the Supreme Court's pronouncement in *Gaddis,* we reaffirmed our position in *United States v. Carter,* 621 F.2d 238 (6th Cir.), *cert. denied,* 449 U.S. 858, 101 S.Ct. 158, 66 L.Ed.2d 73 (1980). *Carter* involved a defendant who was convicted on two counts under the Bank Robbery Act: the robbery itself, and being armed during the commission of the offense. The defendant was sentenced to serve fourteen years on each count, with the sentences to run concurrently. In citing the Supreme Court's decision in *Gaddis,* we affirmed the convictions, but vacated the sentence under one of the counts. Since this Circuit has already interpreted and applied *Gaddis* in a case raising the identical issue, we are bound by existing precedent.

█ There is yet another equally compelling reason for declining the appellant's invitation to reconsider this circuit's merger approach. For in spite of the appellant's

claim that he was erroneously convicted of two separate offenses, the record admits to but one conviction. The appellant was charged in a single count indictment with the offense of bank robbery.[4] Following his guilty plea the Court entered a Judgment and Commitment Order which stated:

It is adjudged that the defendant has been convicted upon his plea of guilty to the offense of bank robbery in violation of 18:2113(a) and (d), U.S.C. as charged in the indictment....

The order further committed the appellant to imprisonment "for a period of twenty years as to the one count of the indictment." A fair reading of the judgment supports the government's contention that the case actually involved a single conviction for the offense of bank robbery. In any event, the presence of a single count significantly distinguishes this case from those cited by the appellant. In fact, the vast majority of the cases relied upon by the appellant involved multi-count indictments which resulted in multiple convictions. *See, e.g., United States v. Evans,* 665 F.2d 54 (2d Cir.1981); *United States v. Rust,* 650 F.2d 927 (8th Cir.1981); *Grimes v. United States,* 607 F.2d 6 (2d Cir.1979); *Wright v. United States,* 519 F.2d 13 (7th Cir.), *cert. denied,* 423 U.S. 932, 96 S.Ct. 285, 46 L.Ed.2d 262 (1975); *O'Clair v. United States,* 470 F.2d 1199 (1st Cir.1972). We can find no basis for applying the merger of

---

4. The single count indictment stated in relevant part:

That on or about the 10th day of March, 1967, at Independence, Kenton County, in the Eastern District of Kentucky,
FRANK LEON BRYAN
ROBERT FOREST TOMLIN and
JACK KENNETH FUSTING
did by force, violence and intimidation take from the person and presence of ... employees of the Bank of Independence, Independence, Kentucky, the sum of $66,446.70, more or less, of money belonging to and in the care, custody, control, management and possession of said Bank of Independence, Independence, Kentucky, the accounts of which were at said time insured by the Federal Deposit Insurance Corporation under Certificate No. 5856–4, and in committing said offense the said Frank Leon Bryan, Robert For-

est Tomlin and Jack Fusting did assault and put in jeopardy the lives of ... employees of said bank, by the use of dangerous weapons, to-wit, a sawed-off shot gun and a pistol. The above quoted indictment appears to charge the defendant with the single offense of bank robbery, but alleges two different means of committing the offense. This practice is explicitly prescribed by Fed.R.Crim.P. 7(c) which states that an indictment may allege in a single count that "the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means." The charging document in this case is totally consistent with the normal and preferred practice of alleging a single offense in one count. *See Sanabria v. United States,* 437 U.S. 54, 66 n. 20, 98 S.Ct. 2170, 2180 n. 20, 57 L.Ed.2d 43 (1978).

offenses approach urged by the appellant in a case involving a single count.

Next, the appellant argues that even if this Circuit's merger of sentences rule is followed, he is still entitled to resentencing. He claims that the judgment and commitment order fails to specify whether the sentence was tailored to one or both convictions. He further alleges that the sentencing court may have been improperly influenced by multiple convictions and may as a result have imposed a more severe sentence. The record does not support this claim. As noted above, this line of reasoning is faulty *ab initio* since it presumes that there was more than one judgment of conviction in case No. 26877. The petitioner's claim further pales when viewed against the transcript of the sentencing proceedings. The relevant portion of the transcript is as follows:

BY THE COURT:

Frank Leon Bryan, it is the judgment of this Court under your plea of guilty to Indictment No. 26641, under the Second count thereof, that you be sentenced to a term of twenty years in the penitentiary, and, under Indictment 26877, the First count thereof, that you be sentenced to a term of twenty years in the penitentiary, and under Indictment 26877—

MR. SMITH (Interrupting):

Your Honor, wouldn't that be 26,878?

BY THE COURT:

Yes, 26,878, and which counts does he get sentenced under?

MR. SMITH:

It would be the Second one.

BY THE COURT:

The one where he used force—

MR. SMITH:

Yes, sir.

BY THE COURT:

All right, under the Second count of 26,868, that you be sentenced to a term of twenty years in the penitentiary, said sentences to run concurrently, that is, each with the other.

Our review of the above proceedings convinces us that the appellant was properly sentenced under a single-count conviction.

The appellant's contention that he may have been subjected to a more severe penalty is also without merit. Despite the fact that the Assistant United States Attorney recommended the maximum sentence, the appellant was sentenced to twenty years for a crime carrying a maximum of twenty-five years. Thus, contrary to the appellant's assertion, the court exercised leniency.

We similarly reject the appellant's claim that the convictions under § 2113(a) and (d) may adversely affect parole determinations. The record reflects that the court modified its sentence on May 25, 1971, making the appellant eligible for parole at the discretion of the Parole Board. Here again, the court showed leniency by not requiring a minimum sentence to be served prior to becoming eligible for parole. Moreover, in reviewing the judgment and commitment order, the Parole Board would be aware that the appellant was convicted on a single count of bank robbery and would act accordingly.

Finally, the appellant contends that the court erred by not holding an evidentiary hearing on his motion to vacate the sentence. We disagree. A hearing is unnecessary where, as here, the motion, files and records conclusively show that the prisoner is not entitled to relief. 28 U.S.C. § 2255. *See Duhart v. United States,* 476 F.2d 597 (6th Cir.1973), *cert. denied,* 421 U.S. 1006, 95 S.Ct. 2409, 44 L.Ed.2d 675 (1975). Furthermore, there is no reason to conduct an evidentiary hearing to resolve a purely legal issue.

We therefore affirm the judgment of conviction and sentence entered by the Honorable James Gordon, United States District Court Judge for the Western District of Kentucky.