805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James B. HUBBARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 85-6069.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1986.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This federal pro se prisoner appeals from a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. Petitioner was convicted in 1983 by a jury on five counts of counterfeiting in violation of 18 U.S.C. Secs. 2, 471, 472 and 473. This Court affirmed his conviction on appeal.
 
 
 2
 In his present Sec. 2255 motion to vacate, the petitioner argues that he received ineffective assistance of counsel and that the government denied him due process of law. Petitioner claims that he was convicted upon the perjured testimony of two witnesses who had already been convicted on counterfeiting charges which arose from the same transctions for which the petitioner was prosecuted and convicted. In return for their false testimony, the government had allegedly promised them that their sentences would be reduced. As proof of the agreement, petitioner states that the two witnesses were released from prison a few weeks after he was convicted. Petitioner also believes their release was accomplished without their even having filed a Rule 35 motion to reduce their sentences. Because no Rule 35 motion was filed before their release, petitioner asserts that an illegal agreement must have been reached between the parties. He also claims that he received ineffective assistance of counsel because his counsel failed to investigate and discover the illegal agreement.
 
 
 3
 Upon review of the cause in light of the arguments made by the parties in their respective appellate briefs, this Court concludes that the district court properly denied petitioner's motion to vacate his sentence for the reasons stated by it. A review of the record and files in this case likewise shows that the cause was properly dismissed without a hearing. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.1986); Bryan v. United States, 721 F.2d 572 (6th Cir.1983), cert. denied, 465 U.S. 1038 (1984). A review of relevant portions of the transcript of petitioner's trial shows that petitioner's counsel on cross-examination impeached the witnesses regarding their motivation for testifying against the petitioner. Both witnesses acknowledged that a motion for a reduction of their sentences had been filed in their own cases and that a hearing had not yet been conducted on the merits of their requests. They also stated that they wanted to give the best possible testimony in petitioner's case with the expectations that their testimony would help them obtain a reduction of their own sentences. This impeachment of the witnesses' testimony was efficient and adequate; it was certainly not deficient and prejudicial to the extent it could be discerned as ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984); Watson v. Marshall, 784 F.2d 722, 725 (6th Cir.1985), cert. denied, 106 S.Ct. 1955 (1986).
 
 
 4
 Furthermore, regardless of whether or not the witnesses filed Rule 35 motions to reduce their sentences, it is also clear that no prosecutorial misconduct occurred in this case. See Martin v. Foltz, 773 F.2d 711, 716-17 (6th Cir.1985); Angel v. Overberg, 682 F.2d 605 (6th Cir.1982) (en banc). The jury was informed of the witnesses' self-serving interests in testifying against the petitioner, and it was in the best possible position to weigh the evidence and adjudge the credibility of the witnesses in light of all the circumstances of the case.
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.