959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James BOBO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-6333.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 James Bobo, a pro se federal prisoner, appeals the district court's order denying his motion to vacate, set aside, or reduce sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Bobo and his co-defendant Tracy Cotton were convicted of aiding and abetting each other in unlawfully, knowingly and intentionally possessing with the intent to distribute approximately one and one-half kilograms of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Bobo was sentenced to 73 months imprisonment, 48 months of supervised release and a mandatory special assessment of $50. Bobo's conviction and sentence were affirmed on appeal. See United States v. Bobo, 928 F.2d 405 (6th Cir.1991) (unpublished op.).
 
 
 3
 In his motion filed pursuant to 28 U.S.C. § 2255, Bobo claimed his counsel's assistance was ineffective in three respects: (1) his counsel failed to properly seek suppression of his written statement because his arrest was illegal; (2) his counsel allowed illegally obtained evidence to be submitted against him; and (3) his counsel did not object to a jury charge that was confusing, contradictory and which did not adequately instruct the jury as to the essential elements of the charge. Bobo also claimed that an evidentiary hearing was necessary. The district court denied the motion in an order entered October 8, 1991.
 
 
 4
 Upon consideration, we conclude that the motion to vacate, set aside, or reduce sentence was properly denied as no miscarriage of justice or violation of fair procedure occurred here. See United States v. Timmreck, 441 U.S. 780, 784 (1979). Bobo has failed to establish a claim of ineffective assistance of counsel that would entitle him to relief under § 2255. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). A reviewing court's scrutiny of counsel's performance is highly deferential. See Cobb v. Perini, 832 F.2d 342, 347 (6th Cir.1987), cert. denied, 486 U.S. 1024 (1988).
 
 
 5
 Trial counsel's failure to seek suppression of Bobo's post-arrest statement fails to satisfy the first prong of the Strickland test. As the district court pointed out in its order, the record is devoid of any factual basis upon which to conclude that the arrest was illegal. Consequently, there was no reason to suppress the statement. Furthermore, even if it is assumed that the statement was the result of an illegal search or arrest, the Supreme Court has made clear that evidence suppressed because it is the product of an illegal search and seizure can be introduced to impeach the testimony of the defendant, which is when it was introduced in this case. See United States v. Havens, 446 U.S. 620, 624-28 (1980). The government did not offer the statement in its case in chief.
 
 
 6
 Similarly, Bobo's claim that trial counsel allowed illegally obtained evidence to be submitted against him fails the first prong of the Strickland test. The evidence which Bobo alleged was illegally seized was taken from the person and hotel room of co-defendant Cotton. Co-defendant Cotton's conviction was reversed on appeal because of the illegal search and seizure. There was no evidence seized from Bobo, thus he did not have standing to contest the search. An individual's Fourth Amendment rights are personal in nature, and as such may not be asserted vicariously. See Rakas v. Illinois, 439 U.S. 128, 133 (1978); United States v. Calandrella, 605 F.2d 236, 242 (6th Cir.), cert. denied, 441 U.S. 991 (1979). Thus, trial counsel had no basis for challenging such evidence on Bobo's behalf.
 
 
 7
 Likewise, there was no reason for Bobo's trial counsel to challenge the court's jury instructions. It was sufficient for the court to instruct the jury that in order to convict under 18 U.S.C. § 2, the acts must have been committed by someone. The jury is not required to identify the principal and the aiders and abettors. See United States v. Gleason, 616 F.2d 2, 20-21 (2d Cir.1979), cert. denied, 444 U.S. 1082 (1980).
 
 
 8
 Finally, contrary to Bobo's claim, an evidentiary hearing need not be conducted on a § 2255 motion to vacate if the file and record of the case conclusively show that petitioner is not entitled to relief. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); Bryan v. United States, 721 F.2d 572, 577 (6th Cir.1983), cert. denied, 465 U.S. 1038 (1984).
 
 
 9
 Accordingly, the district court's order is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.