974 F.2d 1339
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher Tyrone SHORTER, Petitioner/Movant-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2318.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1992.
 
 1
 Before GUY and RYAN, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 Christopher Tyrone Shorter, a federal prisoner represented by counsel, appeals a district court order denying his motions for relief filed under Fed.R.Crim.P. 32 and 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, a jury convicted Shorter on two counts of distributing cocaine, for which he received a 106-month sentence. On appeal, the conviction was affirmed. In 1990, Shorter filed a "Motion for Findings of Fact Pursuant to FRCrP 32 and Modification of Sentence Pursuant to 28 United States Code Section 2255" alleging that (1) the district court erred by failing to inquire whether he had read the presentence investigative report or had any objections to it; (2) the district court failed to make findings of fact with respect to alleged factual inaccuracies in the report; (3) trial counsel failed to have the disputed portions of the report removed; (4) the totality of these errors denied him due process and equal protection; and (5) the mistakes of his attorney resulted in Shorter receiving a longer sentence. The district court denied the request for relief. Shorter filed this timely appeal arguing the district court erred by not having an evidentiary hearing on his section 2255 motion, and that the district court should have personally questioned him at the sentencing as to whether he had read the presentence report.
 
 
 4
 Upon review, we conclude that Shorter has failed to establish the denial of a substantive right or defect in the proceedings which resulted in the decision being inconsistent with rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990).
 
 
 5
 On appeal, Shorter has abandoned all of the claims he raised in the district court except for the issue of whether the district court erred in failing to question him concerning the presentence report. Issues raised in the district court, but not raised on appeal, are considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Shorter argues that the district court erred in not conducting an evidentiary hearing on his motion to vacate. Upon review, we conclude that an evidentiary hearing was not necessary. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); Bryan v. United States, 721 F.2d 572, 577 (6th Cir.1983), cert. denied, 465 U.S. 1038 (1984). Furthermore, the district court was not required to question Shorter as to whether he reviewed the presentence report with his attorney or whether he had any objections to the report. See United States v. Stevens, 851 F.2d 140, 143 (6th Cir.1988).
 
 
 7
 Accordingly, we affirm the district court judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 Honorable Thomas G. Hull, United States District Court for the Eastern District of Tennessee, sitting by designation