979 F.2d 850
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel S. GAHAGAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1737.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1992.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Daniel S. Gahagan, a pro se federal prisoner who is released on parole, appeals a district court order denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In August 1987, Gahagan pled guilty to possessing hashish with the intent to distribute for which he received a sentence of two years imprisonment and two years parole. Gahagan remained free on bond until his conviction was affirmed by this court. See United States v. Gahagan, 865 F.2d 1490 (6th Cir.), cert. denied, 492 U.S. 918 (1989). In August 1989, Gahagan moved to reduce his sentence pursuant to Fed.R.Crim.P. 35(b). The motion was subsequently denied. He then filed a motion to vacate his parole term under 28 U.S.C. § 2255. This motion was denied in May 1991.
 
 
 3
 In February 1992, while still being subject to the conditions of his parole, Gahagan filed his current motion under § 2255 contending that his attorney was ineffective because at the time he entered his guilty plea, Gahagan and his brother were represented by the same retained counsel. Gahagan claimed the conflict of interest that resulted from the joint representation affected the voluntary nature of his guilty plea. The district court denied Gahagan's motion to vacate. In his timely appeal, Gahagan continues to argue his ineffective counsel claim. In addition, Gahagan contends that the district court failed to comply with the requirements of Fed.R.Crim.P. 11 when it accepted his guilty plea and that the district court erred by not conducting an evidentiary hearing on his motion to vacate.
 
 
 4
 Upon review, we conclude that Gahagan has failed to establish the denial of a substantive right or defect in the proceeding that is inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Because Gahagan has filed a previous § 2255 motion, his current request for relief constitutes an abuse of procedure under § 2255. See Rule 9(b), Rules Governing Section 2255 Proceedings; cf. McCleskey v. Zant, 111 S.Ct. 1454, 1467 (1991). The district court was not required to conduct an evidentiary hearing on Gahagan's motion. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); Bryan v. United States, 721 F.2d 572, 577 (6th Cir.1983), cert. denied, 465 U.S. 1038 (1984). Finally, Gahagan's argument that the district court did not comply with Fed.R.Crim.P. 11 when it accepted his guilty plea is not reviewable on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 5
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.