985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George Richard HAFF, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3648.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1993.
 
 1
 Before BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 George R. Haff, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In December 1986, Haff pled guilty to two counts of armed bank robbery for which he received a fifteen year sentence. Haff did not appeal his conviction. In his motion to vacate. Haff alleged that: 1) his attorney was ineffective; 2) the conviction was obtained through devious methods; 3) the guilty plea was not voluntary; 4) the conviction was obtained in violation of his privilege against self incrimination and through the use of threats; 5) evidence was acquired while he was being unlawfully detained; and 6) evidence used to support the conviction was obtained as a result of an illegal search. The district court denied the motion as without merit.
 
 
 4
 In his timely appeal, Haff essentially argues that his attorney was ineffective, that his guilty plea was not voluntarily entered, and that the district court should have conducted an evidentiary hearing. He requests leave to proceed in forma pauperis, oral argument, the appointment of counsel, and free copies of various district court documents.
 
 
 5
 Initially, it is noted that Haff has abandoned his claims that: 1) his conviction was obtained through devious methods; 2) the conviction was obtained in violation of his privilege against self incrimination and through threats; 3) evidence was acquired while he was unlawfully detained; and 4) evidence used to support the conviction was obtained as a result of an illegal search. Therefore, these issues are not reviewable on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we conclude that Haff has failed to establish the denial of a substantive right or defect in the proceedings that is inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Haff received effective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). The record establishes that Haff's guilty plea was voluntarily entered. Blackledge v. Allison, 431 U.S. 63, 74 (1977); Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); Riggins v. McMackin, 935 F.2d 790, 795 (6th Cir.1991). The district court was not required to conduct an evidentiary hearing on Haff's motion. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); Bryan v. United States, 721 F.2d 572, 577 (6th Cir.1983), cert. denied, 465 U.S. 1038 (1984).
 
 
 7
 Accordingly, we grant leave to proceed in forma pauperis for the purposes of this appeal only, deny the remaining requests for relief, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation