File Name:  06a0476n.06
Filed:  July 7, 2006

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

NO. 04-5434
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| RAYSHUN DEMETRIUS SUBLETT, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MOORE and McKEAGUE, Circuit Judges; and POLSTER, District Judge.[*]

**Dan Aaron Polster, District Judge.**   Rayshun Demetrius Sublett appeals his convictions

and sentences, pursuant to guilty pleas, stemming from two separate bank robberies.  Sublett was

charged with and convicted of, among other crimes, both armed and unarmed bank robbery for each

of the two incidents.  After Sublett's counsel filed an appellate brief and a motion to withdraw

pursuant to *Anders v. California*, 386 U.S. 738 (1967), the Sixth Circuit directed counsel to file letter

briefs on the issue of whether the counts, convictions and sentences for unarmed bank robbery and

---

[*]The Honorable Dan Aaron Polster, United States District Judge for the Northern District
of Ohio, sitting by designation.

armed bank robbery under sections (a) and (d), respectively, of the Federal Bank Robbery Act, 18 U.S.C. § 2113, were multiplicitous and violated the constitutional prohibition against double jeopardy. For the reasons stated below, we **AFFIRM** the convictions but **VACATE** the sentences and special penalty assessments for the unarmed bank robbery convictions charged in Counts One and Four of the indictment. We note that this ruling has no impact on Sublett's total prison sentence of twenty years.

### Background

In June 2001, Rayshun Sublett robbed two separate branches of Bank One in Louisville, Kentucky. He was subsequently charged, in a six-count indictment, with unarmed bank robbery in violation of 18 U.S.C. § 2113(a), armed bank robbery in violation of § 2113(d), and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) with respect to each of the two robberies. He pled guilty to all charges except brandishing a firearm during a second crime of violence (Count Six), which carried a minimum mandatory prison sentence of 25 years, to be served consecutively to any other sentence he received. 18 U.S.C. § 924(c)(1)(C)(i). His plea agreement, pursuant to Fed. R. Civ. P. 11(c)(1), required the district court to impose a total twenty-year prison sentence if it determined that Sublett's plea was voluntary and he was competent to enter it. After determining as much, the district court dismissed Count Six and purported to merge the unarmed bank robbery counts (One and Four) with the armed bank robbery counts (Two and Five) for sentencing purposes. However, the court in fact imposed four concurrent prison terms of 105 months for all four robbery counts, and a consecutive 135-month prison term for the first firearm brandishing count – bringing his total prison sentence to twenty years as stipulated by the parties.

Sublett's court-appointed counsel filed an *Anders* brief, stating that there were no meritorious

2

grounds for appeal but raising, nonetheless, in general terms, the voluntariness of the plea and the appropriateness of the sentence. The Sixth Circuit subsequently directed counsel to file letter briefs discussing whether the counts, convictions and sentences for both armed and unarmed bank robbery were multiplicitous and violated double jeopardy. Counsel responded that, although Sublett pled guilty to both unarmed and armed bank robbery for each of the robberies, the district court properly merged the convictions for sentencing purposes; thus, the sentences did not violate double jeopardy. However, counsel suggested that the $100 special assessment for each of the two unarmed robbery convictions did violate double jeopardy, and the Sixth Circuit should either correct this error on appeal or remand the case to the district court to make this correction.

**Analysis**

Sublett's failure to raise double jeopardy below constitutes a forfeiture of this issue; thus, we review for plain error. *United States v. Branham*, 97 F.3d 835, 842 (6th Cir. 1998). Plain error requires a showing that (1) an error occurred in the district court; (2) the error was plain; (3) the error affected defendant's substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Thomas*, 11 F.3d 620, 629-30 (6th Cir. 1993) (citing Fed. R. Crim. P. 52(b) and discussing the plain error doctrine set forth in *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

"The Fifth Amendment prohibition against double jeopardy protects against three harms: second prosecution for an offense after initial acquittal, second prosecution for an offense after an initial conviction, and multiple punishments for the same offense." *United States v. Hart*, 70 F.3d 854, 859 (6th Cir. 1995) (citations omitted). We are concerned here only with the question of whether Sublett's convictions, concurrent 105-month sentences and $100 special assessments for

3

the unarmed bank robberies charged in Counts One and Four violate the constitutional prohibition against multiple punishments for the same offense. *United States v. Gray*, Nos. 98-1366, 98-1530, 1999 WL 801538, at \*\*6 (6th Cir. Sep. 29, 1999) (citing *United States v. Barrett*, 933 F.2d 355, 360 (6th Cir. 1991)); see also *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

In *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), the Supreme Court reviewed the Federal Bank Robbery Act, 18 U.S.C. § 2113, to determine whether the offense of entering a bank with the intent to rob it and the offense of bank robbery were two offenses consecutively punishable in a typical bank robbery situation. 352 U.S. at 324, 77 S.Ct. at 406. The *Prince* Court discussed the issue in terms of merger, observing that a conflict had arisen between the circuit courts over whether the unlawful entry crime merged with the crime of bank robbery when the robbery was consummated. *Id.* at 324-25. The *Prince* Court concluded that Congress intended to establish a lesser-included offense to cover a frustrated bank robbery attempt, but that there was no indication that Congress intended "also to pyramid the penalties." *Id.* at 327-28. Accordingly, the Court reversed the unlawful entry sentence and remanded the case to the district court for the purpose of resentencing.

Following *Prince*, a conflict developed among the circuit courts regarding the proper interpretation of the merger language articulated by the Supreme Court in *Prince*. This conflict was discussed at length by the Sixth Circuit in *Bryan v. United States*, 721 F.2d 575, 574-77 (6th Cir. 1983), *cert. denied*, 465 U.S. 1038 (1984). There, the Sixth Circuit observed that some circuits construed *Prince* as holding that the various offenses under the Act merged for the purpose of sentencing only. *Bryan,* 721 F.2d at 574-75 (citations omitted). Under this "merger of sentences"

4

approach, the Act was treated as creating separate offenses permitting separate convictions but not multiple sentences. *Id.* Other circuits interpreted *Prince* as holding that the offenses merged with only one offense in various aggravated forms. *Id.* at 575 (citations omitted). Under the "merger of offenses" approach, only a single conviction could be allowed to stand. *Id.* The Court observed that the Sixth Circuit had uniformly adopted the 'merger of sentences' approach. *See Bryan*, 721 F.2d at 575 (citing *United States v. Marchibroda*, 338 F.2d 947 (6th Cir. 1964); *United States v. Fried*, 436 F.2d at 787 (6th Cir. 1971); *United States v. Hite*, 461 F.2d 646 (6th Cir. 1972); *United States v. Carter*, 621 F.2d 238 (6th Cir. 1980)). Thus, the Court concluded that it was bound by existing precedent to affirm convictions under §§ 2113(a) and 2113(d) while vacating concurrent twenty-year sentences. *Bryan*, 721 F.2d at 576. *See also United States v. Gray*, No. 98-1366, 98-1530, 1999 WL 801538 (6th Cir. Sep. 29, 1999) (affirming jury convictions for unarmed bank robbery under § 2113(a), armed bank robbery under § 2113(d) and commission of bank robbery resulting in death under § 2113(e), but vacating sentences under §§ 2113(a) and (d)); *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976) (affirming convictions under §§ 2113(a) and (d) but vacating concurrent § 2113(a) sentences).

Turning to the instant case, the record shows that the district court purported to merge Sublett's unarmed bank robbery convictions (Counts One and Four) into the armed bank robbery convictions (Counts Two and Five) for sentencing purposes when, in fact, the court imposed 105-month sentences for each of the four robbery counts. Because the Sixth Circuit has, without exception, considered the imposition of sentences under both §§ 2113(a) and (d) to constitute multiple punishments for the same offense in violation of the constitutional prohibition against double jeopardy, we conclude that the sentences for the unarmed bank robbery convictions

5

constitute plain error and must be vacated.  *Bryan*, 721 F.2d at 575.  As well, the $100 special assessments imposed by the district court for Counts One and Four must be vacated.  *Rutledge v. United States,* 517 U.S. 292, 301-03, 116 S.Ct. 1241, 134 L.Ed.2d  419 (1996) (holding that statutory penalty assessments constitute punishment for double jeopardy purposes).

We note that the Sixth Circuit recently issued a published decision that appears, at first glance, to impact the instant case.  In *United States v. DeCarlo*, 434 F.3d 447 (6th Cir. 2006), the defendant was convicted by a jury of violating both 18 U.S.C. § 2241(c), which prohibits interstate travel with the intent to have sex with a child younger than twelve years old, and 18 U.S.C. § 2423(b), which prohibits interstate travel for the purpose of engaging in "illicit sexual conduct," defined in § 2423(f) as unlawful sexual activity with a person under eighteen years of age.  434 F.3d at 449.  On appeal, the defendant argued that his conviction of both counts, which were based on the same conduct, violated double jeopardy.  The Sixth Circuit held that the crime of interstate travel with the intent to have sex with a person under twelve included the lesser offense of interstate travel with the intent to have illicit sexual conduct with a person under eighteen, and while the two charges did not render the indictment defective, the convictions as well as the punishments (including concurrent sentences and special assessments) for both the greater and lesser offenses violated double jeopardy.  *Id.* at 454-57.

*DeCarlo* is distinguishable from the instant case.  In *DeCarlo*, the Sixth Circuit applied the test from *Blockburger v. United States*, 284 U.S. 299 (1932),[1] "to determine whether the

---

[1]In conducting the *Blockburger* analysis, courts must:

focus[] on the statutory elements of the two crimes with which a defendant has been charged, not on the proof that is offered or relied upon to secure a conviction. . . . If each [offense] requires proof of a fact that the other does not,

6

Double Jeopardy Clause prohibits multiple punishments." *DeCarlo*, 434 F.3d at 455. *Prince*

explicitly declined to rely on *Blockburger* in its analysis of convictions under the Federal Bank

Robbery Act,[2] and the *Blockburger* test has generally been limited to cases involving multiple

statutes. *See, e.g., United States v. Sanchez-Vargas*, 878 F.2d 1163, 1171 n.8 (9ᵗʰ Cir. 1989) ("[T]he

Supreme Court has not yet applied the *Blockburger* analysis to offenses contained within a single

statutory section as opposed to multiple or scattered statutory provisions."); *United States v. Gore*,

154 F.3d 34, 46 (2d Cir. 1998) ("Rather than relying on *Blockburger*, almost all of the circuit-level

cases addressing the 'merger' of possession with intent and distribution under [21 U.S.C.] §

841(a)(1) look to the Supreme Court's holding in *Prince*, a decision which addresses offense

conduct listed in separate clauses within the same statute."). Because this case is based on *Prince*

and its progeny and *DeCarlo* is based on *Blockburger*, *DeCarlo* is not controlling. Furthermore,

because *Prince* emphasized the "unique" nature of the Federal Bank Robbery Act and narrowly

confined its

decision to that Act, we hesitate to apply cases based upon different statutory provisions to a case

such as this one.

## Conclusion

We therefore **AFFIRM** Sublett's convictions, but **VACATE** the sentences and special

---

the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.

*DeCarlo*, 434 F.3d at 455 (second alteration in original) (quoting *United States v. Barrett*, 933 F.2d 355, 360 (6ᵗʰ Cir. 1991)).

[2]*See Prince*, 352 U.S. at 325 n.4 (distinguishing the statutory provisions at issue in *Blockburger* from the Federal Bank Robbery Act which it deemed to be a "unique statute of limited purpose and an inconclusive legislative history.")

penalty assessments imposed on Counts One and Four and remand to the district court for proceedings consistent with this opinion.