NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0153n.06

No. 09-6557

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Mar 16, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| MICHAEL TODD HUBER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  BOGGS, GRIFFIN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Memphis police searched Michael Huber's house after his neighbor's three-year-old daughter accused him of sexually molesting her.  They seized Huber's computer and found over 600 visual depictions of child pornography.  Huber ultimately pled guilty to two counts of knowing receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), and one count of knowing possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

At the sentencing hearing, the district court allowed Huber's neighbor to testify over Huber's objection.  The neighbor described Huber's conduct with his daughter and said he had heard that Huber had raped another young girl.  Huber objected to this testimony as hearsay.  The district court overruled the objection, but said it would not consider any hearsay in determining Huber's sentence.

The Guidelines range for Huber's sentence was 210 to 260 months' imprisonment. Huber argued that he should receive a below-Guidelines sentence in light of his lack of criminal history and a psychologist's opinion that he was unlikely to recidivate. The district court disagreed and sentenced him to 210 months for each of the receipt-of-pornography counts and 120 months for the possession count, all to be served concurrently. Huber brought this appeal.

Huber first argues that his sentence is substantively unreasonable. We presume the contrary since his sentence is within the Guidelines range. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Huber tries to overcome this presumption by noting that he has no criminal history and that his sentence is only thirty months short of the statutory maximum. *See* 18 U.S.C. § 2252(b)(1). But Huber's sentence is close to the maximum because he received multiple enhancements under the Guidelines. And the reason he received those enhancements is that his conduct was particularly vile. Among other things, he had over 600 images of child pornography, with some of the images involving sadomasochism, and some portraying children under the age of 12. *See* U.S.S.G. § 2G2.2. Huber's argument is meritless.

Huber next argues that the district court showed too much deference to the Guidelines. But the court expressly noted that the Guidelines were advisory and explained why the 18 U.S.C. § 3553(a) factors supported a sentence of 210 months. So that argument is meritless. The same is true for his argument that the district court assigned too much weight to the neighbor's testimony. The court had broad discretion to consider evidence for the purposes of Huber's sentencing. *See Roberts v. United States*, 445 U.S. 552, 556 (1980). We see no abuse of that discretion here.

Huber also argues that his sentence amounts to more than one punishment for the same offense, thereby violating the Double Jeopardy Clause of the Fifth Amendment. He failed to raise this challenge below, so we review it for plain error. *See United States v. Branham*, 97 F.3d 835, 841-42 (6th Cir. 1996).

The Double Jeopardy Clause "prohibits multiple punishments for the same criminal act or transaction." *United States v. Graham*, 275 F.3d 490, 519 (6th Cir. 2001). Here, Huber received a separate sentence for each count. Count 1 of the indictment charged that, on June 1, 2007, Huber received three specific videos depicting child pornography. Count 2 charged that Huber received two different videos on June 2, 2007. Count 3 charged Huber with possessing a computer and a hard drive containing over 600 depictions of child pornography on June 29, 2007.

Counts 1 and 2 involved different depictions, so they do not concern a single act or transaction. Count 3 included the depictions on which Counts 1 and 2 were based, but also included 600 or so other depictions. Under these circumstances, it was not plain error for the district court to treat the conduct alleged in each count as a different transaction. We likewise see no plain error with respect to Huber's argument under *Bryan v. United States*, 721 F.2d 572 (6th Cir. 1983).

The district court's judgment is affirmed.